**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

DOLORES DA SILVA,                                )
                                                 )        Hon. Harold A. Ackerman
                          Plaintiff,             )
                                                 )        Civil Action No. 07-2278
              v.                                 )
                                                 )        **OPINION & ORDER**
ALBERTO GONZALES, ATTORNEY                       )
GENERAL OF THE UNITED STATES;                    )
MICHAEL CHERTOFF, SECRETARY                      )
OF HOMELAND SECURITY;                            )
THE UNITED STATES CITIZENSHIP AND                )
IMMIGRATION SERVICES (CIS); EMILIO               )
T. GONZALES, JR., CIS DIRECTOR; AND              )
ANDREA QUARANTILLO, CIS NEWARK,                  )
NEW JERSEY, DISTRICT DIRECTOR                    )
                                                 )
                          Defendants.            )
_____)

Rodrigo H. Sanchez, Jr., Esq.
Nevada Court Mall
21-23 Court Street
Newark, New Jersey 07102
*Attorney for Plaintiff*

Christopher J. Christie, Esq.
John Silberman, Esq.
UNITED STATES ATTORNEY'S OFFICE
970 Broad Street, Suit 700
Newark, NJ 07102
*Attorneys for Defendants*


**ACKERMAN,** **Senior District Judge:**

     This matter comes before the Court on the motion (Doc. No. 6) by Defendants to dismiss

Plaintiff's Complaint for lack of subject matter jurisdiction.  For the following reasons,

Defendants' motion will be granted.

### *Background*

Plaintiff Dolores Da Silva ("Plaintiff") filed her Complaint on May 15, 2007, seeking, *inter alia*, to compel action on Plaintiff's application for permanent resident status.  Plaintiff is a citizen of Brazil and has been residing in the United States since 1991.  On March 10, 2005, Plaintiff filed an application for an adjustment of immigration status on Form I-485.  After Plaintiff filed her I-485 application, she was fingerprinted and, on December 16, 2005, interviewed by Immigration and Naturalization Services ("INS") Officer R. Smith at the United States Citizenship and Immigration Services ("CIS"), Newark branch.  On November 9, 2006, Plaintiff complied with a second fingerprint procedure as instructed by CIS.

Plaintiff alleges that since she filed her I-485 application, she visited CIS on four occasions to check on its status.  On each occasion, Plaintiff alleges that she was told that her application was "pending."  (Complaint ¶ 30.)  As of the filing of her Complaint, close to 17 months had passed since Plaintiff was interviewed.

Plaintiff alleges in her Complaint that Defendants have unreasonably delayed the adjudication of her I-485 application, and have thus violated the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1447(b); the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, *et seq.*; and 8 C.F.R. § 335.3(a).  Accordingly, Plaintiff requests that the Court issue a declaratory judgment; enter a permanent injunction; issue a writ of mandamus; adjudicate Plaintiff's application; or remand this matter to CIS with instructions.

Plaintiff asserts in her Complaint that the Court has jurisdiction pursuant to (1) the INA, 8

2

U.S.C. § 1443-1448; (2) the APA, 5 U.S.C. § 701, *et seq.*; (3) the mandamus statute, 28 U.S.C. § 1361; and (4) the Declaratory Judgment Act, 28 U.S.C. § 2201.  Defendants now move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

## *Analysis*

## I.    Standard of Review

A defendant may move under Federal Rule of Civil Procedure 12(b)(1) to dismiss a claim for lack of subject matter jurisdiction at any time.  *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 437-38 (D.N.J. 1999).  Under Rule 12(h)(3), the court is required to dismiss the action whenever it appears that the court lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).  The plaintiff bears the burden of persuasion to show subject matter jurisdiction exists when it is challenged under Rule 12(b)(1).  *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991).  On a 12(b)(1) motion, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."  *Mortensen v. First Fed. Sav. & Loan Ass'n.*, 549 F.2d 884, 891 (3d Cir. 1977).

The Court notes that "[w]hile Plaintiff has failed to oppose Defendants' motion, the Third Circuit has cautioned against granting such motions as unopposed without an analysis of the merits."  *Clayton v. Clement*, No. 06-5426, 2007 WL 4260002, at *4 (D.N.J. Nov. 30, 2007) (citing *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991)).  Thus, the Court will proceed to analyze the jurisdictional basis of Plaintiff's pleadings on the merits.

3

II.     **The Immigration and Nationality Act**

A.     8 U.S.C. § 1447(b)

Plaintiff cites 8 U.S.C. § 1447(b) as a jurisdictional basis for her claims.  This provision of

the INA provides that an applicant for naturalization may request a hearing before a district court

where "there is a failure to make a determination under section 1446 of this title before the end of

the 120-day period after the date on which the examination is conducted under such section."  8

U.S.C. § 1447(b).  Section 1447(b) is an improper basis for subject matter jurisdiction here

because § 1447(b) applies to naturalization applications.  *See* 8 U.S.C. § 1446.  As the Complaint

states, Plaintiff submitted an I-485 application for adjustment of status, which is governed by 8

U.S.C. § 1251, *et seq.*  Thus, the Court turns to the relevant provisions of the INA to ascertain

whether jurisdiction may be found.

B.     8 U.S.C. § 1251, *et seq.*

Plaintiff alleges that Defendants owe her a non-discretionary duty to process her I-485

application within a reasonable time, which Defendants have allegedly failed to do by withholding

adjudication for at least 17 months since Plaintiff's interview with Smith.  The authority of the

Attorney General to adjust the status of an alien to permanent resident status is found in 8 U.S.C.

§ 1255(a), which provides that:

> The status of an alien who was inspected and admitted or paroled into
> the United States . . . *may* be adjusted by the Attorney General, *in his
> discretion* and under such regulations *as he may prescribe*, to that of
> an alien lawfully admitted for permanent residence if (1) the alien
> makes an application for such adjustment, (2) the alien is eligible to
> receive an immigrant visa and is admissible to the United States for
> permanent residence, and (3) an immigrant visa is immediately
> available to him at the time his application is filed.

4

8 U.S.C. § 1255(a) (emphasis added).[1]  The INA also excludes certain matters from judicial review, including denials of discretionary relief:

> Notwithstanding any other provision of law . . . including [the mandamus statutes, 28 U.S.C. § 1361 and § 1651] . . . no court shall have jurisdiction to review (i) any judgment regarding the granting of relief under section . . . 1255 of this title, or (ii) any other decision *or action* of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or Secretary of Homeland Security[.]

8 U.S.C. § 1252(a)(B)(ii) (emphasis added).  Thus, the INA clearly states that the adjudication of I-485 applications lies in the discretion of the Attorney General, and that such adjudication is not reviewable by this Court.

A number of courts support this conclusion, and have found lack of subject matter jurisdiction over suits challenging the pace of adjudication of I-485 applications.  In *Grinberg v. Swacina*, the court held that the term "action" in § 1252(a)(2)(B)(ii) "'encompasses any act or series of acts that are discretionary within the adjustment of status process,' including the pace of [adjudication.]"  478 F. Supp. 2d 1350, 1353-54 (S.D. Fla. 2007) (quoting *Safadi v. Howard*, 466 F. Supp. 2d 696, 698 (E.D. Va. 2006)).  Judge Debevoise in *Serrano v. Quarantillo*, No. 06-5221, 2007 WL 1101434 (D.N.J. Apr. 9, 2007), and Judge Chesler in *Qiu v. Chertoff*, 486 F. Supp. 2d 412 (D.N.J. 2007) both adopted this reasoning.  In *Serrano*, Judge Debevoise agreed that 8 U.S.C. § 1252(a)(2)(B) prohibited judicial review of the Attorney General's "actions or inactions"

---

[1] The Court notes that, while the text of § 1255(a) refers to the Attorney General as the official who may grant an adjustment of status, this authority has been transferred to the Secretary of Homeland Security and the USCIS.  6 U.S.C. §§ 271(b)(5), 557.  Hence, Plaintiff has named the Secretary as a defendant.  However, for simplicity, this Opinion refers to the Attorney General's discretion under § 1255(a).

5

relating to the adjustment of a plaintiff's immigration status.  2007 WL 1101434, at *2-3.  Judge

Chesler arrived at the same conclusion where 32 months had elapsed since plaintiff filed an I-485

application and plaintiff sought to compel action.  486 F. Supp. 2d at 420; *see also Conigliaro v.*

*Chertoff*, No. 07-1543, 2008 WL 108953, at *3 (D.N.J. Jan. 9, 2008) (holding that the court does

not have jurisdiction to review actions or inaction relating to the plaintiff's adjustment status); *Liu*

*v. Gonzales, et al.*, No. 07-1797, 2007 WL 2916511, at *4 (D.N.J. Oct. 5, 2007) ("[B]ecause the

adjustment of an alien's status to permanent resident by the Attorney General is discretionary

under Section 1255(a), judicial review of that adjustment is specifically precluded by Section

1252."); *Ma v. Chertoff*, No. 06-6177, 2007 WL 1412276, at *2 (D.N.J. May 14, 2007) (adopting

*Serrano*'s reasoning and finding no jurisdiction over defendant for identical claims).

    Based on the clear language of the INA, and the persuasive holdings of other courts, this

Court finds that the INA is an improper ground for subject matter jurisdiction over Plaintiff's suit.


### III.    The Administrative Procedures Act

    While the APA, 5 U.S.C. § 701, *et seq.*, does not itself confer jurisdiction, a court may

have jurisdiction under 28 U.S.C. § 1331 over a claim that an agency has violated the APA.  *See*

*Califano v. Sanders*, 430 U.S. 99, 107 (1977) ("[T]he APA does not afford an implied grant of

subject-matter jurisdiction.").  "Under the APA, any 'person suffering legal wrong because of

agency action, or adversely affected or aggrieved by agency action within the meaning of a

relevant statute, is entitled to judicial review.'"  *Smriko v. Ashcroft*, 387 F.3d 279, 290 (3d Cir.

2004) (quoting 5 U.S.C. § 702).  Plaintiff relies on 5 U.S.C.§ 706(1) for the source of her

"wrong," which provides that a reviewing court has the power to "compel agency action

unlawfully withheld or unreasonably delayed."  It was on the bases of these two provisions that another court in this District found subject matter jurisdiction over a suit to compel I-485 adjudication because "the obligation of the USCIS to process applications is not discretionary and is reviewable by this Court."  *Pool v. Gonzales, et al.*, No. 07-258, 2007 U.S. Dist. LEXIS 39946, at *8 (D.N.J. June 1, 2007).

Other courts have sustained subject matter jurisdiction with a similar analytical approach. For instance, the court in *Song v. Klapakas* held that the APA explicitly forecloses USCIS from possessing "'unfettered discretion to relegate aliens to a state of limbo[.]'"  No. 06-5589, 2007 U.S. Dist. LEXIS 27203, at *10 (E.D. Pa. Apr. 12, 2007) (quoting *Kim v. Ashcroft*, 340 F. Supp. 2d 384, 393 (S.D.N.Y. 2004)).  However, the Court recognizes that the issue presented here is not settled within this Circuit.  *Compare Liu v. Chertoff*, No. 07-366, 2007 U.S. Dist. LEXIS 50027, at *9 (D.N.J. July 11, 2007) (holding that the APA "imposes a duty upon defendants to adjudicate applications within a reasonable time frame"); *and Duan v. Zamberry*, No. 06-1351, 2007 WL 626116, at *4 (W.D. Pa. Feb. 23, 2007) (finding it proper "to compel the INS to adjudicate an application for adjustment to permanent status"); *with Elzerw v. Mueller*, No. 07-166, 2007 U.S. Dist. LEXIS 30429, at *6 (E.D. Pa. Apr. 23, 2007) ("[S]ubject matter jurisdiction under the APA is not available to Plaintiffs because the process of adjustment of status, including with respect to timeliness, is discretionary and therefore not legally required"); *Serrano*, 2007 WL 1101434, at *3 (holding that the APA does not confer jurisdiction over any aspect of the government's I-485 application process).

The Court is not persuaded by those cases which have held that immigration officials have a non-discretionary duty to adjudicate I-485 applications.  For instance, the finding in *Song* is not

analogous because, in that case, "CIS ha[d] yet to take action on plaintiffs' adjustment of status application[.]"  2007 U.S. Dist. LEXIS 27203, at *3-4.  The court in *Elzerw* drew a distinction relevant here, stating: "[T]he cases cited [mirroring *Song*] are inapposite because no action at all had been taken on the applications there, and the decisions reasoned consequently that the Secretary does not have discretion to refuse to resolve an application."  2007 U.S. Dist. LEXIS 30429, at *8.  The *Elzerw* court concluded that "in the present case, Plaintiffs have not alleged that Defendants have taken no action on their applications[,] . . . but rather that the FBI has not completed its work early enough to avoid inconvenience to the Plaintiffs."  *Id.* at *8-9.  Therefore, the *Elzerw* Court dismissed the complaint for lack of subject matter jurisdiction because the time taken by the government to process I-485 applications is committed to the agency's discretion.  *Id.*

Similarly, Defendants here have not refused to consider Plaintiff's I-485 application, but rather told Plaintiff that her application "was pending FBI background check[s]." (Compl. ¶ 30.) Thus, *Song* and similar cases are of little avail to Plaintiff.

More importantly, in another case ostensibly supporting Plaintiff's allegations, *Pool*, 2007 U.S. Dist. LEXIS 39946, at *8, the court failed to accord weight to a clear, dispositive provision of the APA that states: "The only exceptions to this general rule [that any person adversely affected by agency action is entitled to judicial review] are situations in which '(1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law.'"  *Smriko*, 387 F.3d at 290-91 (quoting 5 U.S.C. § 701(a)).  "Because the matter is discretionary and there is no requisite time frame [stated in the INA for processing I-485 applications], the matter is unreviewable under the APA as unreasonably delayed." *Conigliaro*, 2008 WL 108953, at *5; *see also Shah v. Chertoff*, No. 07-874, 2007 WL 2084891, at *4 (D.N.J. July 18, 2007) ("[T]he APA

8

does not apply to agency action that 'is committed to agency discretion by law.'"); *Liu*, 2007 WL 2916511, at *6 (same).

    For the reasons discussed above with regard to the INA, this Court finds that the process to adjudicate Plaintiff's application has been committed to agency discretion and, therefore this Court cannot review this matter under the APA.

**IV.    Mandamus Jurisdiction**

    Plaintiff alleges that this Court has mandamus jurisdiction pursuant to 28 U.S.C. § 1361. However, even if judicial review was not barred by the INA, this Court nevertheless finds that it lacks mandamus jurisdiction.

    Section 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.  The Supreme Court has described mandamus relief under § 1361 as an "extraordinary remedy" which "will issue only to compel the performance of 'a clear nondiscretionary duty.'"  *Pittston Coal Group v. Sebben*, 488 U.S. 105, 121 (1988); *see also Heckler v. Ringer*, 466 U.S. 602, 616 (1984) ("The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty").  A "party seeking mandamus has the burden of showing that its right to issuance of the writ is clear and indisputable."  *Will v. United States*, 389 U.S. 90, 96 (1967) (internal quotation omitted).  Our Circuit has explained:

        In order for mandamus to issue, a plaintiff must allege that an officer

> of the Government owes him a legal duty which is a specific, plain
> ministerial act devoid of the exercise of judgment or discretion.  An
> act is ministerial only when its performance is positively commanded
> and so plainly prescribed as to be free from doubt.

*Harmon Cove Condo. Ass'n., Inc. v. Marsh*, 815 F.2d 949, 951 (3d Cir. 1987) (internal quotation

omitted); *see also Work v. United States*, 175, 177 (1925) (stating that a duty is purely ministerial

"where the officer can do only one thing").

As discussed above, the duty at issue is discretionary, and thus does not qualify as a

ministerial act as required for mandamus jurisdiction.  *See Tao v. Mueller*, No. 07-804, 2007 U.S.

Dist. LEXIS 62530, at *8 (D.N.J. Aug. 23, 2007) ("Defendants' duty [to process I-485 applications]

is at their discretion and is therefore not a ministerial act for Plaintiffs."); *Qiu*, 486 F. Supp. at 420

("When, as here, the Court lacks power to review the ultimate agency decision and the agency's cases

are backlogged, granting the writ to compel adjudication would do nothing more than shuffle to the

front of the line those I-485 applicants canny enough to file a complaint in a federal district court.").

Thus, because there is no clear, non-discretionary duty to adjudicate I-485 applications within a

certain period of time, this Court finds that Plaintiff has not satisfied the strictures of mandamus.

## V.       The Declaratory Judgment Act

Plaintiff also claims that the Court has jurisdiction under the Declaratory Judgment Act

("DJA"), 28 U.S.C. §§ 2201, 2202.  Section 2201 provides that "[i]n a case of actual controversy

within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal

relations of any interested party seeking such declaration, whether or not further relief is or could

be sought."  28 U.S.C. § 2201.  The DJA grants federal courts the authority to render declaratory

relief.  *Id.*  However, the DJA cannot serve as an independent basis for subject matter jurisdiction.  *Terra Nova Ins. Co. v. 900 Bar, Inc.*, 887 F.2d 1213, 1218 n.2 (3d Cir. 1989).  Thus, the Court cannot exercise jurisdiction under the DJA.

### Conclusion & Order

Plaintiff alleges no proper jurisdictional basis for this suit.  For the foregoing reasons, it is hereby ORDERED that Defendants' motion to dismiss the Complaint is GRANTED.  The Clerk shall mark this matter CLOSED.

Dated: March 26, 2008
Newark, New Jersey

s/ Harold Ackerman
U.S.D.J.

11